**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| BILL HOUDA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:05-CV-1418-D (BH) |
| | § | |
| JUPITER CHEVROLET | § | |
| | § | |
| | § | |
| Defendant. | § | ECF |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS**

Pursuant to the District Court's *Order of Reference*, filed June 6, 2006, this matter has been referred to the undersigned United States Magistrate Judge for hearing, if necessary, and for recommendation in accordance with 28 U.S.C. § 636(b)(1)(B). Before the Court are the following pleadings:

(1) Plaintiff's *Pro Se Civil Rights Complaint*, filed July 18, 2005 ("Compl.");

(2) Plaintiff's Answers to *Magistrate Judge's Questionnaire*, filed August 5, 2005 ("MJQ");

(3) Defendant's *Motion for Summary Judgment*, filed May 5, 2006 ("Mot.");

(4) Defendant's *Brief in Support of Motion for Summary Judgment*, filed May 5, 2006 ("Brief");

(5) Defendant's *Appendix of Evidence to Brief in Support of Summary Judgment*, filed May 5, 2006 ("Def.'s App.").

Having reviewed the pertinent pleadings and the law applicable to the issues raised, the Court recommends that Defendant's *Motion for Summary Judgment* be **DENIED**.

## I. BACKGROUND

On July 18, 2005, Plaintiff Bill Houda ("Plaintiff") filed the instant suit against Defendant Jupiter Chevrolet ("Defendant"), alleging wrongful termination on the basis of his race, Caucasian, in violation of 42 U.S.C. § 2000(e) ("Title VII"), and on the basis of his age, 55, in violation of 29 U.S.C. § 621 et. seq., the Age Discrimination in Employment Act ("ADEA"). Plaintiff was employed by Defendant as a sales associate beginning on February 11, 2004. (Def.'s App., Ex. f at 1.) Plaintiff alleges that he became involved in a verbal altercation with his manager, Larry Brown, on April 10, 2004, over whether Plaintiff should assist a customer. (Answer to Question 1 of MJQ.) Plaintiff further alleges that Mr. Brown told him that the customer "should be helped by a black salesman since he [the customer] was black" and that "old people...should wait on older customers" and "younger kids should wait on younger people." *Id.* Plaintiff alleges that Mr. Brown yelled at him and made threatening comments, and that he neither raised his voice nor argued with Mr. Brown. *Id.*

According to Defendant's evidence, the altercation began when Plaintiff attempted to assist a customer after being instructed to leave the customer alone because the customer had previously been assisted by another sales associate.[1] (Def.'s App., Ex. a at 1.) Defendant asserts that both Mr. Brown and Plaintiff argued with one another. *Id.* Defendant states that it terminated Plaintiff for violating company policy and because of a reduction in staff, and not for the discriminatory reasons alleged by Plaintiff. *Id.* at Ex. b; Ex. f at 2. Specifically, Defendant's Termination Report alleges insubordination and arguing with management. *Id.* at Ex. b. Insubordination, disrespectful conduct,

---

[1] Although the *Brief in Support of Motion for Summary Judgment* states that Plaintiff did not want to assist a customer as instructed by his supervisor (Def.'s Br. at 4.), the sworn affidavit of an employee who witnessed the April 10 incident states that Plaintiff refused to leave the customer alone as instructed because the customer had previously been assisted by another sales associate. (Def.'s App. at 4.)

and failure to follow a supervisor's instructions are all infractions of Defendant's code of conduct that may result in disciplinary action, including termination. *Id.* at Ex. c, items 8 and 17.[2]

Defendant filed the instant *Motion for Summary Judgment* pursuant to FED. R. CIV. P. 56(b) on May 5, 2006. Defendant asserts that Plaintiff cannot establish a *prima facie* case of race discrimination through direct evidence. (Brief at 6.) Defendant further alleges that Plaintiff was terminated for insubordination and because of a flexible staffing policy, and that Plaintiff has failed to provide evidence that these legitimate, non-discriminatory reasons are pretextual. (Mot. at 2; Brief at 6.) Plaintiff did not file a response to Defendant's *Motion for Summary Judgment*.

## II. STANDARD OF REVIEW

Summary judgment is appropriate when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The pleadings, depositions, answers to interrogatories, admissions, and affidavits, if any, must demonstrate that no genuine issue of material fact exists. FED. R. CIV. P. 56(c).

Once the movant makes this showing, the non-movant must then direct the court's attention

---

[2] Plaintiff acknowledged receipt of the rules and code of conduct when he was hired on February 11, 2004. (Def.'s App., Ex. d).

to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 324. To carry this burden, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the non-movant must show that the evidence is sufficient to support a resolution of the factual issue in his favor. *Anderson*, 477 U.S. at 249.

While all of the evidence must be viewed in a light most favorable to the motion's opponent, *Id.* at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)), neither conclusory allegations nor unsubstantiated assertions will satisfy the non-movant's summary judgment burden. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). Summary judgment in favor of the movant is proper if, after adequate time for discovery, the motion's opponent fails to establish the existence of an element essential to his case and as to which he will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

Where, as here, the nonmovant fails to respond to the motion for summary judgment, such failure does not allow the court to enter a default summary judgment. *Hibernia Nat'l Bank v. Admin. Cent. Sociedad Anonima*, 776 F.2d 1277 (5th Cir. 1985) (citing *John v. La. (Bd. of Trs. for State Colls. & Univs.)*, 757 F.2d 698, 709 (5th Cir. 1985)). However, "[a] summary judgment nonmovant who does not respond to the motion is relegated to [his] unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). In addition, the movant's evidence may be accepted as undisputed. *Thompson v. Eason*, 258 F. Supp. 2d 508, 515

(N.D. Tex. 2003) (citing *Eversly v. Mbank*, 843 F.2d 172, 174 (5th Cir. 1988); *Bookman*, 945 F. Supp. at 1002).

### III.  ANALYSIS

Defendant asserts that Plaintiff cannot establish a *prima facie* case of race discrimination through direct evidence.  (Brief at 6.)  Defendant also alleges that it terminated Plaintiff for insubordination and pursuant to a flexible staffing policy, and that Plaintiff cannot offer evidence that Defendant's legitimate non-discriminatory reasons for termination are pretextual.  (Mot. at 2; Brief at 6).

**A.  Framework for Discrimination Cases**

   *1. Title VII Framework*

Claims for racial discrimination in the employment context are analyzed under Title VII's well established burden-shifting paradigm.  "First, the plaintiff must establish by a preponderance of the evidence a *prima facie* case of discrimination."  *Nichols v. Lewis Grocer*, 138 F.3d 563, 566 (5th Cir. 1998).  A plaintiff may establish a *prima facie* case of racial discrimination through either direct evidence, statistical proof, or the test established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  *See Urbano v. Continental Airlines, Inc.*, 138 F.3d 204, 206 (5th Cir. 1998).  Under the framework set forth in *McDonnell Douglas*, a plaintiff must show that he (1) belongs to a protected group; (2) was qualified for his position; (3) suffered an adverse employment action; and (4) was replaced by a similarly qualified individual outside the protected class.  *McDonnell Douglas*, 411 U.S. at 802.

A defendant can meet its summary judgment obligation by pointing the court to the absence of evidence to support a required element of Plaintiff's case.  *See Keeley v. Cisco Sys.*, 2003 WL

21919771, *3 (N.D. Tex. Aug. 8, 2003) (noting that although the defendant did not explicitly argue that plaintiff had failed to establish a *prima facie* case, the defendant had satisfied its summary judgment burden by pointing to the absence of evidence to support one prong of the *prima facie* case) (citing *Celotex Corp.*, 477 U.S. at 325 (1986)). This is because the defendant will not have the burden at trial concerning the elements of the plaintiff's *prima facie* case. *Id.*

If, however, the plaintiff establishes a *prima facie* case, an "inference of intentional discrimination" arises. *LaPierre v. Benson Nissan, Inc.*, 86 F.3d 444, 448 (5th Cir. 1996). The burden of production then shifts to the defendant to articulate a legitimate, non-discriminatory reason for the challenged employment action. *Okoye v. Univ. of Texas Houston Health Science Ctr.*, 245 F.3d 507, 512 (5th Cir. 2001) (citing *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 142 (2000)).

Once the defendant has responded with a legitimate, non-discriminatory reason for the employment action,

> the plaintiff must then offer sufficient evidence to create a genuine issue of material fact either (1) that the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another motivating factor is the plaintiff's protected characteristic (mixed-motive[s] alternative).

*Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 341 (5th Cir. 2005) (citing *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004)). Under the pretext alternative, the plaintiff must introduce "some evidence, whether circumstantial or direct, that permits the jury to believe that the reason was false and that illegal discrimination was the actual reason." *Nichols*, 138 F.3d at 566. Under the mixed-motive alternative, a plaintiff need only present sufficient evidence for a reasonable jury to conclude that the protected characteristic was a motivating factor for the

employment practice; direct evidence is not needed.  *Desert Palace*, 539 U.S. at 101.  However, "[t]he question of pretext versus mixed-motive treatment is only reached after a plaintiff has met his *prima facie* showing under the modified *McDonnell Douglas* standard and the defendant has responded with a legitimate nondiscriminatory reason."  *Keelan*, 407 F.3d at 341.

Once a defendant has met its burden of production, the plaintiff must go beyond his pleadings and designate specific facts showing there is a genuine issue for trial.  *See Keeley*, 2003 WL 21919771 at *3 (citing *Celotex Corp.*, 477 U.S. at 325 (1986); *Little*, 37 F.3d at 1075)).  "Summary judgment is mandatory when the nonmoving party fails to meet this burden."  *Keeley*, 2003 WL 21919771 at *3 (citing *Little*, 37 F.3d at 1076).

### *2. ADEA Framework*

The modified *McDonnell Douglas* approach for Title VII claims also applies to the ADEA claim of age discrimination.  *Rachid*, 376 F.3d at 312.  The modified approach requires that after a plaintiff has established a *prima facie* case and the defendant has responded with a legitimate, non-discriminatory reason for the employment action, "the plaintiff must then offer sufficient evidence to create a genuine issue of material fact" to show that defendant's reason for the employment action is either pretextual or has a mixed-motive.  *Id*.

### B.  *Prima Facie* **Case**

Defendant argues that Plaintiff cannot establish a *prima facie* case of race discrimination through direct evidence.  (Brief at 6.)

As noted above, a summary judgment nonmovant who does not respond to the motion is relegated to his pleadings, which are typically unsworn and do not constitute summary judgment evidence.  *Bookman*, 945 F. Supp. at 1002.  In this case, however, Plaintiff's answers to the

questions posed by the Court in the questionnaire for purposes of preliminary screening pursuant to 28 U.S.C. § 1915A, filed August 5, 2005, constitute an amendment to the filed complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994). Because these answers were submitted under the penalty of perjury, they may be considered as competent summary judgment evidence. *See Barnes v. Johnson*, 2006 WL 3102343, at *1 (5th Cir. 2006), slip copy (verified complaint may serve as competent summary judgment evidence). In particular, Plaintiff avers in his response to Question 1 that his manager, Mr. Brown, told Plaintiff that customers should be assisted by salesmen of the same race and age group shortly before he was terminated by Mr. Brown. Defendant's evidence in support of its motion does not specifically dispute that Mr. Brown made these statements. (*See* Def. App., Ex. a at 1).

> The Fifth Circuit has held that
>
> in order for comments in the workplace to provide sufficient evidence of discrimination, they must be "(1) related [to the protected class of persons of which the plaintiff is a member]; (2) proximate in time to the [complained-of adverse employment decision]; (3) made by an individual with authority over the employment decision at issue; and (4) related to the employment decision at issue."

*Rubinstein v. Adm'rs of Tulane Educ. Fund*, 218 F.3d 392, 400-01 (5th Cir. 2000) (citing *Brown v. CSC Logic, Inc.*, 82 F.3d 651, 655 (5th Cir.1996)). The statements Plaintiff alleges were made by Mr. Brown appear to satisfy all four of these elements. The alleged comments related to the age and race of the Plaintiff. (Ans. to Quest. 1 of MJQ.) According to Defendant's own summary judgment evidence, the argument during which the comments were allegedly made occurred immediately prior to Plaintiff's termination by the ultimate decision maker, Mr. Brown. (Def. App., Ex. a at 1). Plaintiff was terminated for insubordination in connection with the argument. *Id.*, Ex. b and Ex. f at 1. Viewed in the light most favorable to Plaintiff as the non-movant, his sworn response

regarding Mr. Brown's statements immediately before the termination constitutes competent direct evidence of discrimination. S*ee Vance v. Union Planters Corp.*, 209 F.3d 438, 442 (5th Cir. 2000) (comment by decision-maker that he wanted to hire a "mature man" during hiring process qualified as direct and material evidence of sex discrimination against female candidate). Accordingly, a genuine issue of material fact exists regarding whether Plaintiff can establish a *prima facie* case of discrimination, and summary judgment is not warranted on this basis.

## C.  Legitimate Reason for Termination

Since Plaintiff may establish a *prima facie* case of racial discrimination under Title VII, the burden of production now shifts to Defendant to articulate a legitimate, non-discriminatory reason for the challenged employment action. *Okoye*, 245 F.3d at 512. Defendant claims and proffers evidence that Plaintiff was discharged due to insubordination and a flexible staffing policy.

Defendant's first legitimate, non-discriminatory reason for Plaintiff's termination is insubordination. The sworn affidavit of Sandy Gunderson, comptroller for Defendant, states that according to the Termination Report completed by Mr. Brown, Plaintiff was terminated for violating a company policy prohibiting insubordination to management and a reduction in staff. (Def.'s App., Ex. f.) A second sworn affidavit by Dana Morton states that he observed Plaintiff continue to argue with Mr. Brown after being instructed stop arguing about his efforts to help a customer who had previously been assisted by another sales associate. (*Id.*, Ex. a at 1.) Pursuant to Defendant's code of conduct, insubordination towards management may result in disciplinary action up to and including termination. *Id.* at Ex. c.

Defendant also cites a flexible staffing policy as a reason for Plaintiff's dismissal. Defendant submits a copy of Defendant's contingent employment policy that states that new employees such

as Plaintiff are hired on a probationary or contingent basis and can be terminated without notice at any time during the first approximately 90 days. (Mot. at 5; Def.'s App. at 13.) Defendant employed Plaintiff from February 11 through April 15, 2004. (Def.'s App. at 16.) Thus, Defendant employed Plaintiff for a period of 65 days, a time frame that falls well within the 90 day period of contingent employment. Dismissal during a probationary employment period is a legitimate, non-discriminatory reason for an adverse employment action. *Skennion v. Godinez*, 2005 WL 910448, *4 (N.D. Tex. Apr. 20, 2005).

A second component of Defendant's flexible staffing policy is that Defendant does not have an exact number of sales associates at any one time. (Def.'s App. at 16.) The sworn affidavit of Sandy Gunderson states that it is within Defendant's discretion to hire as many or as few sales associates as needed depending on the volume of sales. *Id*. As a result, there was no direct replacement for Plaintiff's position as a sales associate. (Mot. at 8; Def.'s App. at 16.) According to Defendant, even if a new sales associate was hired shortly after Plaintiff's dismissal, the new associate would not be a replacement for Plaintiff. With regards to the composition of Defendant's sales associates, Defendant asserts that it does not only hire younger sales associates. (Def.'s App. at 16.) At the time of Plaintiff's employment, five of the nineteen sales associates were over the age of 40, and four of these were older than Plaintiff. *Id*. This fact, along with Defendant's variable number of sales associates and probationary policy for new employees, shows that Defendant has a flexible staffing policy that does not discriminate, at least on the basis of age.[3]

---

[3] Defendant provided no evidence of the racial composition of its sales associates or broader workforce.

**D. Pretext or Mixed-Motive**

Since Defendant responded to Plaintiff's claim of racial discrimination with two legitimate, non-discriminatory reasons for the termination, "the plaintiff must then offer sufficient evidence to create a genuine issue of material fact" to show that the defendant's reason for the employment action is either a pretext or a mixed-motive for a discriminatory action. *Rachid*, 376 F.3d at 312. "An employer's reason cannot be shown to be a 'pretext for discrimination' unless the plaintiff introduces some evidence, whether circumstantial or direct, that permits the jury to believe that the reason was false and that illegal discrimination was the actual reason." *Nichols*, 138 F.3d 566; *see also Blow v. City of San Antonio, Tex.*, 236 F.3d 293, 297 (5th Cir. 2001) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133 (2000) (holding that such evidence may be circumstantial)). Whether direct or circumstantial, "the evidence offered to counter the employer's proffered reasons must be substantial." *Nichols*, 138 F.3d at 566. Where the plaintiff has offered no evidence to rebut the employer's facially benign explanations, no inference of discrimination can be drawn. *See EEOC v. La. Office of Cmty. Servs.*, 47 F.3d 1438, 1447-1448 (5th Cir. 1995) (explaining that a plaintiff must tender factual evidence from which a fact-finder could reasonably conclude that the defendant's reasons were pretext for discrimination). However, a Plaintiff's "*prima facie* case and sufficient evidence to reject the employer's explanation may permit a finding of liability." *Reeves*, 530 U.S. at 149; *cf. Staten v. New Palace Casino, LLC*, 2006 WL 1737438, at *8 (5th Cir. 2006), slip copy (same). A plaintiff need not "always introduce additional, independent evidence of discrimination." *Id*.

In the instant case, Plaintiff's response to the Magistrate Judge's Questionnaire provides sufficient evidence to create a genuine issue of material fact of whether Plaintiff suffered race and

age-based discrimination. According to Plaintiff, in the minutes leading up to his termination, Mr. Brown told him that Plaintiff should assist customers of the same race and age group. (Mag. Quest. at 1.) As previously discussed, Mr. Brown's comments represent more than stray remarks. Given the timing of the remarks in relation to the termination by the maker of the remarks, Plaintiff's version of the events leading to his termination represent more than a "subjective belief" that his dismissal was a result of discrimination. *Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996). His sworn answer to the questionnaire provides sufficient direct evidence of discrimination to create a jury issue. S*ee Vance*, 209 F.3d at 442 (even if plaintiff was the only witness to testify about the discriminatory statements at issue, that would not warrant taking the case out of the jury's hands).

Furthermore, this is not a case where the evidence overwhelmingly supports Defendant's proffered non-discriminatory rationale. *See Brown,* 82 F.3d at 656 (upholding summary judgment in favor of defendant in age discrimination case where strong evidentiary support for defendant's cost cutting rational was not outweighed by age related comments, such as "old goat" and "you just can't remember, you're getting too old," made close in time to termination of plaintiff by individual who terminated plaintiff); *cf. Auguster v. Vermilion Parish School Bd.,* 249 F.3d 400, 404 (5th Cir. 2001) (finding that given the overwhelming evidence supporting the defendant's legitimate justification, decision-maker's discriminatory comments could be viewed as no more than stray remarks). Here, the only evidence proffered by Defendant that recounts the event is the affidavit by Mr. Dana Morton (which neither confirms nor specifically denies that Mr. Brown made the racist or ageist comments before he dismissed Plaintiff) that an argument took place. (*See* Def.'s App. at Ex. a.) Defendant's evidence of the reasons for Plaintiff's termination, i.e., the Termination Report

stating that Plaintiff was dismissed for insubordination and to reduce staff, was completed by Mr. Brown himself on the same day as Plaintiff's termination. *Id*. at Ex. b. Whether Defendant's reasons are pretextual is an issue of credibility for the fact-finder.

Based on the brevity of the record before the Court and viewing the evidence in the light most favorable to the non-moving Plaintiff, the Court finds that Plaintiff has presented some evidence that might permit a jury to believe that Defendant's proffered reasons are either a pretext for illegal discrimination or that illegal discrimination formed part of a mixed-motive for Plaintiff's termination. *Nichols*, 138 F.3d at 566; *Desert Palace*, 539 U.S. at 101. Because Plaintiff has presented a triable issue of material fact to determine whether the proffered reasons of insubordination and his probationary status were a pretext for racial discrimination, summary judgment cannot be granted in favor of Defendant. *Little*, 37 F.3d at 1076; *cf. Schulman v. Potter*, 2006 WL 903719, *4 (S.D.Tex. Apr. 7, 2006) (summary judgment granted when a dismissed probationary employee failed to create a triable issue of fact material to determining whether the reason for firing him was a pretext for discrimination).

### IV.  CONCLUSION

For the foregoing reasons, the Court concludes that a genuine issue of material fact exists with respect to Plaintiff's Title VII and ADEA claims, and that summary judgment cannot be granted pursuant to FED. R. CIV. P. 56(b). Accordingly, the Court recommends that Defendant's *Motion for Summary Judgment* be **DENIED.**

**SO RECOMMENDED** on this 9th day of November 2006.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten (10) days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985)*; Perales v. Casillas*, 950 F.2d 1066, 1070 (5th Cir. 1992).  Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE